LAW LIBRARY

FILED
SUPERIOR COURT
OFFICIAL
2013 MAY 12 PH 5: 02
OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM

vs.

JAY SUMANG aka
GERALD T. SUMANG
               Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CM1039-07

DECISION AND ORDER

(Defendant's Motion to Dismiss
Under People v. Rasauo)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on October 2, 2013, on Jay Sumang, a.k.a. Gerald T. Sumang's ("Defendant") Motion to Dismiss Under People v. Rasauo. Public Defender Eric D. Miller and Assistant Public Defender Jocelyn M. Roden represented Defendant. Assistant Attorney Generals Sean E. Brown and Teri C. Tenorio appeared on behalf of the People of Guam ("the People"). Defendant submitted the matter on the brief filed herein. Following the hearing, the Court took the matter under advisement. Upon review of written arguments and legal authorities presented by both parties, the Court issues its Decision and Order **DENYING** Defendant's motion.

## BACKGROUND

Defendant is charged with (1) Driving While Under the Influence of Alcohol (as a Misdemeanor); (2) No Driver's License (as a Petty Misdemeanor); (3) Operation of a Motor Vehicle Without a Valid Insurance (as a Petty Misdemeanor); and (4) Operation of an Unregistered Motor Vehicle (as a Petty Misdemeanor). Complaint (Dec. 28, 2007). The Complaint arises out of events taking place on or about the 10th day of January, 2007, at about



10:30 p.m. Id. On January 11, 2007, Defendant was issued a Citation and Notice to Appear ("NTA"). The NTA advised Defendant to appear at the Superior Court of Guam, Judicial Center Building, Hagatna, Guam, on January 9, 2008, at 9 a.m. or upon summons if summoned to appear sooner, to answer for the offenses being charged. Id. Upon filing of the underlying Complaint on December 28, 2007 by the People, the Court notes that the record is devoid of any summons issued in this instant case.

An arraignment was set for January 9, 2008, however, Defendant was not present. Consequently, a Bench Warrant was issued with $1,000 cash bail affixed. On July 12, 2013, Defendant was arrested while requesting for a court clearance. Defendant was arraigned on that same day at 3 p.m., entered a plea of not guilty and requested a jury of six. Super. Ct. of Guam Minute Entry Log No. 35940 (Jul. 12, 2013).

Defendant filed the instant motion on September 5, 2013. The People filed their opposition on September 25, 2013.

### DISCUSSION

Defendant moves the Court to dismiss the instant case pursuant to *People v. Rasauo,* 2011 Guam 14. Defendant argues that the alleged offenses against him occurred on January 10, 2007. The Complaint was filed on December 28, 2007. Likewise his arraignment was set for January 9, 2008. In light of these two dates, he "was not arraigned until July 12, 2013, beyond 60 days after the Complaint was filed." Def's. Mot. to Dismiss Under People v. Rasuao. Defendant also argues that "[h]e never received any sort of Notice or Summons that the NTA date or an Arraignment date was going to [be] heard or set on a different date." Id. Defendant contends that "[he] has resided in Guam, using the same address, since his arrest. The record, however, does not indicate the reason for such delay beyond the 60 day rule." Id.

The People oppose Defendant's motion to dismiss the instant case. "The People argue that here good cause for the delay should be found, and therefore that dismissal is inappropriate." People's Opp'n Mot. (Sep. 25, 2013). The People contend that "it is universally held that criminal procedure timing intervals will be tolled in cases where defendants fail to appear and cannot reasonably be located for further criminal process." Id. The People also argue that the Defendant was provided with more than adequate notice of the date and time of his scheduled first appearance when given the NTA. Id. The People argue that the instant case is clearly distinguishable from *People v. Julian*, 2012 Guam 26. "In *Julian* the court considered a case where, after filing of a Complaint, a defendant was not served with a Summons notifying the defendant of a new court date." Id. "In contrast, [Defendant] was made aware of his next hearing by virtue of the Citation and Notice to Appear. This case, therefore, does not involve attempts to notify a defendant of a new court date, but rather the consequences (or lack thereof) of a defendant failing to appear at a court date for which they had prior notice." Id.

"An arraignment is the first or preliminary step in the progress of a trial and occurs in the early stages of the proceedings." *People v. Julian*, 2012 Guam 26 ¶ 20. "At arraignment, a defendant is read the charges of the complaint, called to answer the accusation contained in the complaint, and is provided a copy of the complaint before taking a plea." *Id.* (citing 8 GCA § 60.10(b)).

Guam law relative to arraignments provides:

(a) The defendant shall be arraigned **promptly** after the indictment or information is filed or after the complaint is filed where prosecution by complaint is required by § 1.15.
(b) Arraignment shall be conducted in open court and shall consist of reading the indictment, information or complaint to the defendant or stating to him the substance of the charge and calling on him to plead thereto. The defendant

shall be given a copy of the indictment, information or complaint before he is called upon to plead.

8 GCA § 60.10 (emphasis added).

The Supreme Court of Guam held that "unless good cause is shown, a Complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the Complaint." See *People v. Rasauo*, 2011 Guam 14 ¶ 14 ("Rasauo II"). This Court notes that *Rasauo II* articulated that "compliance with this new standard continues to require a case by case analysis of whether or not the specific circumstances of any given case show good cause for delay beyond the 60 day period normally required to comply with law." *Rasauo II* ¶ 14. "Under 8 GCA § 80.60, the term good cause is not statutorily defined." *People v. Julian*, 2012 Guam 26 ¶ 21. "Rather, good cause is defined through case law and determined by the facts and circumstances of each case." *Id*. The holding in *Rasauo II* is designed to provide a baseline standard, and not bind the hands of the trial court in cases where deviation from this baseline is judged to be appropriate. *Rasauo II* ¶ 14.

In the present case, the Complaint was filed on December 28, 2007. Defendant was not arraigned until July 12, 2013. A total of 2,023 days have passed between the filing of the Complaint and the Defendant's arraignment. On its face, the time period between the filing of the Complaint and Defendant's arraignment is violative of the 60 day rule announced in *Rasauo II*. However, "[t]he scheduling of [a] hearing past sixty days does not automatically violate prompt arraignment under 8 GCA § 60.10(a) and [the Supreme C]ourt's holding in *Rausauo II* because good cause may still exist for the delay in not arraigning a defendant within sixty days from the filing of the complaint." *People v. Julian*, 2012 Guam 26 ¶ 28.

The Court recognizes that Guam law requires that a summons shall issue upon filing of the criminal complaint. The specific statutory provision reads as follows:

(a) If it appears from the complaint and the affidavits filed therewith that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the judge **shall issue a summons** for the appearance of the defendant.

8 GCA § 15.20(a) (2005) (emphasis added).

In the instant case, the Court notes that the record is devoid of any summons issued. In other cases reviewed by this Court, an Affidavit of Non-Service of Summons filed by our Marshals assists the Court in determining whether or not reasonable efforts were made to locate the Defendant. "In view of the difficulty of locating people in a modern society and the difficulty of proving that a defendant has been intentionally avoiding apprehension, [the lack of good faith and due diligence standard] would place an impossible burden on law enforcement and result in the dismissal of numerous cases." *State v. Greenwood*, 845 P.2d 971, 979 (Wash. 1993). Hence, where law enforcement agents demonstrate "due diligence" in attempting to contact a defendant but are unable to do so, those defendants do not accrue the benefits of the running of timing rules during periods where they are out of contact with the criminal justice system. *Id.* Here, there is no basis for the Court to make such a finding absent any Affidavit of Non-Service filed relative to a summons being issued upon the filing of the Complaint.

The Court finds that the timeframe from complaint to arraignment way exceeds the sixty day rule as pronounced in *Rasauo II*. However, the Court finds that had Defendant complied with the NTA where he "[w]ithout admitting guilt, promised to appear at the Superior Court...."he would have been arraigned within the sixty days. The Complaint was filed on December 28, 2007 and his first appearance for arraignment was set for January 9, 2008, which accounts for a total of twelve days. In view of this, the Court finds good cause for the delay in Defendant's arraignment.

For the reasons above, the Court **DENIES** Defendant's motion.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss under <u>People v. Rasauo</u>.

Further Proceedings is scheduled for ___12/18/13___ at ___10 a.m.___

**SO ORDERED** this ___12___ day of NOVEMBER, 2013.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of

AG / PD / PXSC

NOV 1 3 2013  Time: 945 am

Clerk, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

NOV 1 3 2013

Alv'mar D. G...
Deputy Clerk, Superior Court of Guam